UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                        Plaintiff,

        -against-

CITY HALL NY; N.Y.P.D.,

                        Defendants.

19-CV-9568 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Yvonne Frost brings this action alleging that Defendants violated her rights. By order dated October 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Unfair treatment. Wrongful action." (ECF No. 2 at 2.)[1]

Plaintiff lists the place of occurrence as "New York City," and the date of occurrence as "10/14/2019." (*Id.* at 5.)

Plaintiff alleges, *inter alia*, the following:

After I sent out two letters with exhibits to the legislative brand and another office in Albany I realised [sic] a few people came with chain links to beat me. A few others also came by to intimidate me.

It is the second time I have asked myself this question — Who can I trust? It appears to me almost like no one, Hope is lost. First it was Trinidad and Tobago US Consulate now it is City Hall.

An N.Y.P.D. officer at City Hall instructed me to take my hand-delivered letter to 1 Centre Street. It appeared to me this NYPD officer my have called security at 1 Centre Street to inform them I was on my way over before I got there.

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

> According to a vision I heard one person say to another "Your baby is on the way." The other person answered "I don't know if I should take it." The first person said "Don't take it — do not take it."

(*Id.* at 5, 9.)

In the section in which Plaintiff is asked to state the relief she seeks, she states: "I would like to ask the court to order the defendants compensate me for new damages and wrongful actions. I am running on empty. It has been that way for a long time. I would like to ask the court for the payments to start immediately." (*Id.* at 9.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Because Plaintiff filed more than ten actions IFP within a two-week period, by order dated October 7, 2019, the Court warned Plaintiff that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651 barring her from filing new actions IFP unless she receives prior permission.[2] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-

---

[2] Plaintiff has filed a total of 27 actions during the period from September 16, 2019,

3

8826, 3 (S.D.N.Y. Oct. 7, 2019) (listing nine cases). In light of Plaintiff's abuse of the privilege of proceeding IFP, by order dated October 11, 2019, the Court has also ordered Plaintiff to submit a declaration showing cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint.[3] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 4 (S.D.N.Y. Oct. 11, 2019). By order dated

---

through October 21, 2019. *See Frost v. NYPD*, ECF 1:19-CV-8595, 2 (S.D.N.Y. filed Sept. 16, 2019); *Frost v. City of New York*, ECF. 1:19-CV-8634, 2 (S.D.N.Y. filed Sept. 17, 2019); *Frost v. NYPD*, ECF 1:19-CV-8705, 2 (S.D.N.Y. filed Sept. 18, 2019); *Frost v. NYC MTA*, ECF 1:19-CV-8746, 2 (S.D.N.Y. Sept. 19, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8794, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8795, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York*, ECF 1:19-CV-8826, 2 (S.D.N.Y. Oct. 11, 2019) (dismissing complaint as frivolous and warning Plaintiff that further vexatious or frivolous litigation will result in an order pursuant to 28 U.S.C. § 1651, barring her from filing new actions IFP); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8881, 2 (S.D.N.Y. filed Sept. 24, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8909, 2 (S.D.N.Y. filed Sept. 25, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 2 (S.D.N.Y. filed Sept. 26, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 5 (S.D.N.Y. Oct. 7 2019) (dismissing complaint as frivolous and warning Plaintiff that further vexatious or frivolous litigation will result in an order pursuant to 28 U.S.C. § 1651, barring her from filing new actions IFP); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9062, 5 (S.D.N.Y. Oct. 11 2019) (dismissing complaint as frivolous); *Frost v. NYPD*, ECF 1:19-CV-9065, 2 (S.D.N.Y. filed Sept. 30, 2019); *Frost v. MYC MTA*, ECF 1:19-CV-9139, 2 (S.D.N.Y. filed Oct. 1, 2019); *Frost v. Yonkers Family Ct.*, ECF 1:19-CV-9184, 2 (S.D.N.Y. filed Oct. 2, 2019); *Frost v. CVR Assocs. Inc.*, ECF 1:19-CV-9185, 2 (S.D.N.Y. filed Oct. 3, 2019); *Frost v. D.O.H.R.*, ECF 1:19-CV-9186, 2 (S.D.N.Y. filed Oct. 3, 2019); *Frost v. CVR Assocs. Inc.*, ECF 1:19-CV-9190, 2 (S.D.N.Y. filed Oct. 4, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9264, 2 (S.D.N.Y. filed Oct. 7, 2019); *Frost v. NYC A.C.S.*, ECF 1:19-CV-9330, 2 (S.D.N.Y. filed Oct. 8, 2019): *Frost v. NYPD*, ECF 1:19-CV-9419, 2 (S.D.N.Y. filed Oct. 10, 2019): *Frost v. City of New York (HRA)*, ECF 1:19-CV-9500, 2 (S.D.N.Y. filed Oct. 11, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9564, 2 (S.D.N.Y. filed Oct. 15, 2019).; *Frost v. City Hall*, ECF 1:19-CV-9568, 2 (S.D.N.Y. filed Oct. 16, 2019); *Frost v. Oculus*, ECF 1:19-CV-9667, 2 (S.D.N.Y. filed Oct. 18, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9692, 2 (S.D.N.Y. filed Oct. 21, 2019); *Frost v. United States S.D. Courts*, ECF 1:19-CV-9693 (S.D.N.Y. filed Oct. 21, 2019).

[3] Plaintiff filed a notice of appeal on September 30, 2019, before the order of dismissal was signed and entered on the Court's docket. By order dated October 25, 2019, the Court deemed Plaintiff's notice of appeal defective and advised Plaintiff that if she fails to file a declaration on or before the November 12, 2019 deadline, or if the declaration does not show good cause, she will be barred under 28 U.S.C. § 1651 from filing new actions IFP, unless she obtains leave of the Court. *See Frost*, ECF 1:19-CV-9001, 7.

October 22, 2019, the Court again ordered Plaintiff to show cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 4 (S.D.N.Y. Oct. 22, 2019). Frost filed this action on October 16, 2019, after the Court warned her against filing further vexatious cases and after the Court's first order for Plaintiff to show cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The warning that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring Plaintiff from filing new actions IFP unless she receives prior permission remains in effect.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 5, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge